```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :
                            :
     v.                     :  Crim. No. 3:15-cr-00192 (AWT)
                            :
FRANCIS MANIGAULT           :
```

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

For the reasons set forth below, the defendant's motion for sentence reduction (ECF Nos. 35 and 37) is hereby DENIED.

On February 24, 2016, the court sentenced the defendant Francis Manigault to a total effective sentence of 168 months. Manigault had pled guilty to a three count information charging him with two counts of interfering with commerce by robbery in violation of 18 U.S.C. § 1951(a) and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The court concluded that specific deterrence was the purpose of sentencing that most needed to be taken into account with respect to Manigault.

In support of his motion for compassionate release, the defendant argues that a number of factors warrant a reduction of his sentence to time served, as follows:

> These factors include: (1) the COVID-19 pandemic, to which
> Mr. Manigault has already succumbed once; (2) Mr. Manigault's
> continuing underlying medical conditions that render him more


>likely to suffer serious illness if re-infected (obesity); (3) the fact that due to COVID conditions the last year of Mr. Manigault's confinement has been harsher than a normal term of incarceration; and (4) Mr. Manigault's notable efforts at rehabilitation.

Def.'s Supp. Mem. (ECF No. 40) at 1.

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that

>the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).  Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  In making this determination courts should "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.  Neither Application Note 1(D), nor anything else in the now-outdated version of Guidelines § 1B1.13, limits the district court's discretion." U.S. v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

2

It is undisputed that Manigault has satisfied the requirement with respect to exhaustion of administrative remedies.

The parties disagree about whether Manigault has demonstrated that there are extraordinary and compelling reasons to reduce his sentence.  But even if Manigault could establish that such extraordinary and compelling reasons exist, the § 3553(a) factors weigh decisively against reducing his sentence.  The court concluded that there is a need for specific deterrence with respect to this defendant for a number of reasons.  The defendant pled guilty to two armed robberies, but he committed five.  The circumstances of those robberies and offense and the apprehension of the defendant were set forth in the Government's Sentencing Memorandum (ECF No. 25) at pages 1 through 7.  The government described the offenses that Manigault committed as "extremely serious".  Id. at 11.  The government explained:

> In each robbery, Manigault not only pointed a gun directly at the employee unfortunate enough to be working at the time Manigault entered the store, but he cocked his weapon before pointing it at the victim. By working the action of his weapon, Manigault ensured that each victim knew that Manigault's weapon was ready to fire if he or she did not comply with Manigault's demands. In so doing, Manigault terrified the victims and demonstrated a gross disregard for their safety.

Id. at 11-12.  The government also commented on the impact on the victims:

> The type of psychological injury, however, that Manigault inflicted on the victims was significant. Armed robbery is a terror that people do not forget. Each victim has to get up the following day and go back to work in the very place where Manigault pointed a gun in his or her face.

Id. at 12. The court agreed and continues to agree with this assessment.

When imposing sentence, the court noted that it was "most aware of the need to impose a sentence that constitutes just punishment and the need to protect the public from further crimes committed by you." Sentencing Tr. (ECF No. 33) at 20, ll. 8-10. After noting that the defendant has "some positive qualities" (Id. at 20, l. 11), the court observed:

> But what I have to deal with and account for is your offenses of conviction, and there are several things that are most important as I look at them that led me to conclude that I need to impose a sentence that protects the public from further crimes committed by you.
> First, as I explained to counsel when we talked before today, I went through and I looked at the terms of imprisonment that had been imposed upon you in the past, the number and the length. I did what I think was a conservative estimate and it came up to almost 12 years. Two conclusions were reached by me as a result of that:
> Number one, that if we're talking about incremental punishment, we have had a buildup to a longer term of imprisonment.
> And secondly, that you've not been deterred by the prior sentences.
> I also looked at what were the components of the Guideline range you're exposed to now and I think they are predominated by the robberies, not by your addiction and the results of your addiction and the related offenses.
> And then most importantly here, I believe, is the very, very serious nature of your offense conduct and the related conduct that's part of the same course of conduct. I really had to put a great deal of weight, I think, on the impact on the victims. I thought about what resulted from these

4

>robberies? People lost money, but I think they would have been more than happy to give you five, ten times as much money as you took if they didn't have to go through what they went through as a result of the way in which the robberies were carried out. It's not just the fact that a gun was used. I've had cases where guns are used or brandished. But it seems to me it's most likely that those victims who had the action on the gun worked are continuing to have and will continue to have flashbacks where they see their lives flash before their eyes. I would not be surprised -- and I would expect, in fact -- that some of them will probably have to be treated for Post Traumatic Stress Disorder. And in fact, we are quite fortunate that no one was killed or seriously injured, given your condition at the time that you committed the offenses.
>      The fact that you were not able to control your actions in such a context I have concluded really reflects depraved indifference to the safety of others in our society. I think that's a factor on which I really have to put a lot of weight in determining what the appropriate sentence is, notwithstanding the fact that you come across as a very pleasant fellow and you seem to feel remorseful for what you did. When I look at the purpose of just punishment, I think I do have to look at not only just punishment, I have to look at protecting society as the purpose I have to put a lot of weight on.
>      I really did think about the fact that you struggle with your addiction. And I had to also factor in that lots of people struggle with their addictions.  Some commit crimes when they lose that struggle. It's rare that they commit a crime that you've committed here and do it in the way in which you've done it here.

Id. at 20, l. 17 to 23, l. 3.

The defendant argues that he has made "notable efforts at rehabilitation" (Def.'s Supp. Mem. (ECF No. 40) at 1.  But as the government observes, "Manigault's rehabilitation efforts, which have consisted of taken many classes offered by the BOP before the pandemic, while laudable, are not extraordinary and compelling reasons warranting a reduction in sentence."  Gov't Response (ECF No. 41) at 9.  Moreover, not only do Manigault's

5

efforts fall short of being extraordinary and compelling, they do not diminish to any degree the court's concern about the need for specific deterrence with respect to this defendant.

It is so ordered.

Signed this 13th day of July 2022 at Hartford, Connecticut.

<div style="text-align: right;">

/s/AWT
Alvin W. Thompson
United States District Judge

</div>